IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KERRI ANN MILLIRON,

       Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Civil Action No. 12-1452

O R D E R

AND NOW, this 18th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also

1

Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] After careful review of the record, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ")'s ultimate determination of non-disability. While the Court does not reach all of Plaintiff's arguments, it notes that the ALJ: (i) properly evaluated the medical opinion evidence in the record and adequately explained his rationale for why he gave little weight to Dr. Leonida's treating physician opinion; (ii) was entitled to assign weight to the opinion of non-examining state agency physician Dr. Tran; and (iii) thoroughly explained the basis for his credible determination.
It is well-established that [t]he ALJ — not treating or examining physicians or State agency consultants — must make the ultimate disability and [Residual Functional Capacity ("RFC")] determinations." Chandler v. Comm'r of Social Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011), and a treating physician opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed.Appx. 140, 148 (3d Cir. 2007). "Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, *the ALJ may choose whom to credit* but cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (emphasis added). Thus, an ALJ must explain the basis for the weight he assigns to the

medical opinions in the record and he can choose to assign more weight to the non-examining physician's opinion if he finds that it is more consistent with the other substantial evidence in the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed.Appx. 208 (3d Cir. 2005).

The Court notes, however, that a treating physician opinion on the ultimate issue of disability is not entitled to any "special significance" and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006); see also 20 C.F.R. § 404.1527(e); SSR 96-6p. Moreover, although substantial evidence must support an ALJ's credibility determination, such determinations are "typically [] entitled to deference because of [the ALJ's] ability to assess the demeanor of witnesses at the hearing." Williams v. Barnhart, 87 Fed.Appx. 240, 242 (3d Cir. 2004).

Against this backdrop, the Court finds that the ALJ was entitled to give "minimal weight" to Dr. Leonida's opinion of temporary disability and that substantial evidence supports his decision to do so. The ALJ explained that the opinion was offered on a PA Department of Public Welfare form and was: (i) not supported by any clinical or objective medical findings; (ii) was inconsistent with Dr. Leonida's own treatment notes and Dr. Tran's opinion; (iii) was contradicted by Plaintiff's activities of daily living and the overall minimial objective findings in the record; and (iv) was an opinion on the ultimate issue of disability which does not merit any special consideration in any event. (R. 18); Smith v. Comm'r of Soc. Sec., 178 Fed.Appx. 106, 112 (3d Cir. 2006) (noting that "no special significance is given to the source of an opinion on the ultimate outcome."). The ALJ thus discharged his duty to explain why certain evidence was rejected and the Court finds that substantial evidence supports the ALJ's evaluation of the medical opinion evidence and his decision to give more weight to Dr. Tran's opinion that Plaintiff could perform medium work. (R. 15-16).

The Court also finds that substantial evidence supports the ALJ's credibility determination. In finding that Plaintiff's allegations of disabling physical and mental problems were exaggerated and not fully credible, he noted that he had considered her subjective complaints against the record as a whole, but that such evaluation only highlighted the lack of objective medical support for her claim of disability. He pointed out that her complaints were inconsistent with the diagnostic studies and objective findings upon physical and

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

mental examination, her activities of daily living, and her appearance and demeanor at the hearing. (R. 14). The ALJ also discussed the progress notes from Chestnut Ridge Counseling Services which noted in December of 2009 that Plaintiff's doctors had "released her back to work." (R. 15, 385). Plaintiff stated that she was "going to return to work at Subway" on December 16, 2009, and that she felt that returning to work "will be the best thing for her." (Id.). The ALJ also noted that Plaintiff had denied any physical complaints in her most recent mental examination which took place in October of 2010, only two months before her hearing where she testified that her physical issues were disabling. Thus, substantial evidence supports the ALJ's finding that Plaintiff's allegations of disabling physical and mental issues were not entirely credible. The Court notes, however, that the ALJ did give some credence to Plaintiff's subjective complaints, as he did incorporate into his RFC assessment limitations he found to be credibly established by the record. (R. 14).

4